# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| Field Family Associates, LLC, | : Case No. 12-16331 (SR) |
| | : |
| Debtor. | : |

**MOTION OF DEBTOR FIELD FAMILY ASSOCIATES, LLC, FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. § 1121(d) FURTHER EXTENDING DEBTOR'S EXCLUSIVE PERIODS WITHIN WHICH TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF**

Field Family Associates, LLC, d/b/a Hampton Inn – JFK, debtor and debtor-in-possession (the "Debtor"), hereby moves (the "Motion") the Court, pursuant to Section 1121(d) of title 11 of the United States Code (11 U.S.C. §§ 101 *et seq.*, the "Bankruptcy Code") and Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order further extending the Debtor's exclusive periods (i) to file a chapter 11 plan of reorganization for approximately 120 days, through and including September 9, 2013 and (ii) to solicit acceptances of such plan for approximately 120 days, through and including November 6, 2013. In support of this Motion, the Debtor respectfully states as follows:

## JURISDICTION AND VENUE

1.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.  The statutory bases for the relief requested herein are Section 1121(d) of the Bankruptcy Code and Bankruptcy Rule 9006.

## BACKGROUND

4. On July 2, 2012 (the "Petition Date"), an involuntary petition for relief under chapter 11 was filed against FFA by Ollie Cherniahivsky & Assoc., T&L Cleaning, Inc., Kanch USA Inc., Leon's Supply, Inc., and Penn Glass Enterprises, Ltd. (collectively, the "Petitioning Creditors").

5. The Court entered an order for relief on September 12, 2012 (the "Relief Date").

6. The Debtor has remained in possession of its property and is operating its business as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7. The Debtor owns and operates a 216-room hotel located at 144-10 135th Street, Jamaica, New York 11436.

8. The Debtor has been a debtor-in-possession for approximately seven months. During this time, the Debtor continues to make significant progress in administering its chapter 11 case and advancing the chapter 11 case toward a confirmable plan.

9. On December 11, 2012, the Debtor filed the *Motion for Entry of an Order Pursuant to 11 U.S.C. § 1121(d) Extending Debtor's Exclusive Periods Within Which to File a Chapter 11 Plan and Solicit Acceptances Thereof* (the "First Exclusivity Motion") [Docket No. 159], pursuant to which the Exclusive Filing Period and the Exclusive Solicitation Period (as defined below) were extended through and including May 10, 2013 and July 9, 2013, respectively.

## RELIEF REQUESTED

10. By this Motion, the Debtor respectfully requests, pursuant to section 1121(d) of the Bankruptcy Code, that: (a) the period in which the Debtor has the exclusive right to file a

chapter 11 plan be extended through and including September 9, 2013; and (b) the period in which the Debtor has the exclusive right to solicit acceptance of such plan be extended through and including November 6, 2013. This is the Debtor's second request for an extension of its Exclusive Periods (as defined below). The Debtor further requests that such an order be without prejudice to its rights to seek additional extensions of the Exclusive Periods.

**BASIS FOR RELIEF**

11. Section 1121(b) of the Bankruptcy Code provides for an initial period of 120 days after the date of the order for relief in a chapter 11 case during which a debtor has the exclusive right to file a plan of reorganization (the "Exclusive Filing Period"). Section 1121(c)(3) of the Bankruptcy Code provides that if the debtor files a plan within the Exclusive Filing Period, it has an initial period of 180 days after the order for relief in the chapter 11 case to obtain acceptance of such plan (the "Exclusive Solicitation Period" and together with the Exclusive Filing Period, the "Exclusive Periods"). The Debtor's current Exclusive Filing Period will expire on May 10, 2013 and the Debtor's current Exclusive Solicitation Period will expire on July 9, 2013. Section 1121(d) permits the Court to extend the Exclusive Periods for "cause."

      A.    **Section 1121(d) of the Bankruptcy Code Permits the Court to Extend the Exclusive Periods for "Cause."**

12. The objective of a chapter 11 reorganization is the negotiation, formulation, development, confirmation, and consummation of a plan of reorganization, and the Debtor remains committed to achieving that objective. The exclusivity periods under section 1121 are intended to afford a debtor a full and fair opportunity to formulate and propose such a plan of reorganization and to solicit acceptances thereof without the deterioration of, and disruption to, its operations that could result from the filing of competing plans by non-debtor parties. In circumstances where the initial 120 and 180-day Exclusive Periods prove to be an unrealistic

3

timeframe within which a debtor may file and confirm a plan of reorganization, section 1121(d) of the Bankruptcy Code allows the Bankruptcy Court to extend the debtor's exclusive periods:

> (1) Subject to paragraph (2), on request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section.
>
> (2)(A) The 120-day period specified in paragraph (1) may not be extended beyond a date that is 18 months after the date of the order for relief under this chapter.
>
> (B) The 180-day period specified in paragraph (1) may not be extended beyond a date that is 20 months after the date of the order for relief under this chapter.

11 U.S.C. § 1121(d).

13. It is well established that the decision to extend a debtor's exclusivity periods is committed to the sound discretion of the Bankruptcy Court and should be based upon the facts and circumstances of a particular case. *See First Am. Bank of New York v. Sw. Gloves and Safety Equip. Inc.*, 64 B.R. 963, 965 (D. Del. 1986); *203 N. LaSalle Street P'ship v. Bank of Am., N.A.*, 1999 U.S. Dist. LEXIS 19425, at *12 (N.D. Ill. 1999); *In re Mid-State Raceway, Inc.*, 323 B.R. 63, 68 (Bankr. N.D.N.Y. 2005); *In re Reetz*, 61 B.R. 412, 414 (Bankr. W.D. Wis. 1986).

14. Although the Bankruptcy Code does not define "cause" for the purpose of an extension of the Exclusive Periods, courts have looked to the legislative history of section 1121(d) for guidance. *See In re Gibson & Cushman Dredging Corp.*, 101 B.R. 405, 409 (E.D.N.Y. 1989); *In re Amko Plastics, Inc.*, 197 B.R. 74, 77 (Bankr. S.D. Ohio 1996). In doing so, courts have found that Congress did not intend that the 120- and 180-day periods be a hard and fast rule. *See Amko*, 197 B.R. at 77 (noting that Congress intended courts to have flexibility in dealing with extensions of exclusivity); *see also Gaines v. Perkins (In re Perkins)*, 71 B.R. 294, 297 (W.D. Tenn. 1987) ("The hallmark of . . . [Section 1121(d)] is flexibility."). Rather,

Congress intended that a debtor's exclusive periods be of an adequate length, given the circumstances, for the debtor to formulate, negotiate, and draft a viable plan without the disruption to the business that would occur with the filing of competing plans of reorganization. *See Geriatrics Nursing Home v. First Fid. Bank, N.A.*, 187 B.R. 128, 133 (D.N.J. 1995) ("The opportunity to negotiate its plan unimpaired by competition, the court held, is meant to allow the debtor time to satisfy all creditors and win support for its restructuring scheme and thus ensure its survival as a business.").

15. Further, Congress recognized that a 120-day exclusivity period may not afford a debtor sufficient time to formulate and negotiate a plan:

> [t]he court is given the power, though, to increase . . . the l20-day period depending on the circumstances of the case. [T]he bill allows the flexibility for individual cases that is not available today. For example, if an unusually large company were to seek reorganization under chapter 11, the Court would probably need to extend the time in order to allow the debtor to reach an agreement.

H.R. Rep. No. 950595, 95th Cong. 1st Sess. 232 (1977) (footnotes omitted).

16. When determining whether cause exists for an extension of a debtor's exclusivity periods, courts rely on a variety of factors, each of which may provide sufficient grounds for extending the periods. Factors considered in making such a determination include: (a) the size and complexity of the case; (b) the necessity of sufficient time to negotiate and prepare adequate information; (c) the existence of good faith progress toward reorganization; (d) whether the debtor is paying its debts as they come due; (e) whether the debtor has demonstrated reasonable prospects for filing a viable plan; (f) whether the debtor has made progress in negotiating with creditors; (g) the length of time the case has been pending; (h) whether the debtor is seeking the extension to pressure creditors; and (i) whether unresolved contingencies exist. *See*, *e.g.*, *Cont'l Cas. Co. v. Burns & Roe Enters., Inc. (In re Burns & Roe Enters., Inc.)*, 2005 WL 6289213 at

10690564_2

*3-4 (D.N.J. 2005 Nov. 2, 2005); *In re Gibson*, 101 B.R. at 409-10; *In re R.G. Pharmacy, Inc.*, 374 B.R. 484, 487 (Bankr. D. Conn. 2007); *In re Adelphia Comm. Corp.*, 352 B.R. 578, 587 (Bankr. S.D.N.Y. 2006); *In re Cent. Jersey Airport Servs., LLC*, 282 B.R. 176, 184 (Bankr. D.N.J. 2002); *In re Dow Corning Corp.*, 208 B.R. 661, 665-66 (Bankr. E.D. Mich. 1997); *In re Express One Int'l Inc.*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996); *In re Grand Traverse Dev. Co. Ltd. P'ship*, 147 B.R. 418, 420 (Bankr. W.D. Mich. 1992); *In re Sw. Oil Co. of Jourdanton, Inc.*, 84 B.R. 448, 451-54 (Bankr. W.D. Tex. 1987).  Again, the Debtor need not satisfy each and every factor considered.  As set forth in detail below, the relevant factors support the relief requested.

      **B.**    **Cause Exists for an Extension of the Exclusive Periods in this Chapter 11 Case.**

      17.    <u>The Size and Complexity of the Chapter 11 Case</u>.  The size and complexity of a debtor's case alone may constitute cause for extension of a debtor's exclusive period to file a plan and solicit acceptances of such a plan.  Pursuant to Local Bankruptcy Rule 1002-2, this case has already been designated as a Complex Chapter 11 case due to the level of the Debtor's debts and the number of creditors.  Thus, this case is large and complex under this Court's standards.  Further, the Debtor's principals have devoted significant time and attention to bringing about a successful conclusion of the complex chapter 11 case of a related entity in *In re LaGuardia Associates, L.P.* (Case No. 11-19334, Bankr. E.D.Pa. 2011), which has diverted some focus from this matter in recent months.

      18.    The combined secured debt reported on the Debtor's schedules is approximately $31 million.  Moreover, excluding insider claims, the Debtor's unsecured debt (priority and non-priority) is approximately $1.3 million.  These levels of debt make this a large bankruptcy case.

19. Beyond that, this case began as an involuntary chapter 11 case. Since the filing of the involuntary petition, the Debtor has spent significant time addressing the impact of the bankruptcy filing with its creditors, negotiating with the senior secured lender regarding the use of cash collateral, negotiating with its franchisor, Hilton, regarding the duration and terms of the Debtor's franchise agreement, and stabilizing business operations. Business operations have improved of late, negotiations with the franchisor have been constructive but have evolved slowly, considerations of whether to pursue a plan sale or fund a reorganization have been weighed, and the Debtor is presently positioned over the next several months to formulate and negotiate the terms of a chapter 11 plan.

20. The size and complexity of the Debtor's chapter 11 case clearly militate in favor of an extension of the Exclusive Periods.

21. <u>The Necessity of Sufficient Time to Negotiate and Prepare Adequate Information</u>. The Debtor has not been dilatory in this chapter 11 case. Rather, the Debtor has worked to address critical issues, such as those described above, and move this case forward.

22. Moreover, as the Debtor has advised the Court, the chapter 11 plan contemplated at the outset of this bankruptcy case was likely to involve a third-party sale transaction. As the case has progressed, however, the Debtor has also considered its ability to propose and confirm a non-sale plan. Though considerations of both sale and non-sale options are ongoing, the Debtor anticipates a non-sale reorganization funded through internal resources, which will permit the Debtor to finance a property improvement plan ("PIP"), renew its franchise agreement, reinstate the mortgage, and make distributions to creditors.

23. <u>The Existence of Good Faith Progress Toward Reorganization</u>. The Debtor has made progress in this chapter 11 case. In the six months following the Relief Date, the Debtor

7

has managed its business in very difficult economic times while also attending to the heightened requirements of the bankruptcy process. The Debtor is not seeking this extension to delay administration of its chapter 11 case or to exert pressure on its creditors. To the contrary, this request is intended to maintain a framework conducive to an orderly, efficient and cost-effective restructuring process.

24.     The Debtor Is Paying Its Debts as They Come Due. Courts considering whether to extend a debtor's exclusivity periods may also assess whether the debtor is paying its debts as they come due, and the Debtor is current on its debt service. *See In re McLean Indus.*, 87 B.R. 830, 834 (Bankr. S.D.N.Y. 1987). The Debtor is paying post-Relief Date claims incurred in the ordinary course of business when they come due. The Debtor continues to operate its business and preserve the value of its assets for the benefit of its creditors. Indeed, the Debtor's business revenues have improved since the Relief Date and the Debtor expects it will continue to have sufficient cash flow to keep administrative claims current.

25.     The Debtor Has Reasonable Prospects for Filing a Viable Plan. The Debtor has continued to sustain its operations as a going concern and has worked with its senior secured lender to ensure the continued operation of its business. Further, as noted above, the Debtor has not only engaged in discussions with multiple third parties who are interested in a potential sale transaction that would be incorporated in a chapter 11 plan, but the Debtor has also carefully considered the parameters of a non-sale plan. The Debtor's management believes that, given additional time, it can successfully propose a confirmable plan.

26.     The Short Tenure of This Case. The Debtor's case has been pending for less than seven months. It is typical and commonplace for an extension of the Exclusive Periods to be granted at this early stage in a large case, especially when this was not filed as a "pre-packaged"

or "pre-negotiated" case. Indeed, such an extension is particularly appropriate here, as this case was commenced through an involuntary petition, not at the request of the Debtor. In light of the relatively short pendency of this case, the challenges faced by the Debtor, and the progress made to date, the Debtor submits that an extension of the Exclusive Periods is warranted.

27. <u>Termination of the Debtor's Exclusive Periods Would Adversely Impact This Case</u>. Termination of the Debtor's Exclusive Periods would adversely impact the Debtor's business operations and progress in this case. If this Court were to deny the Debtor's request for an extension of the Exclusive Periods, any party in interest would be free to propose a plan of reorganization for the Debtor. Competing plans could foster a chaotic environment at the very time the Debtor is focusing on its restructuring efforts. By prematurely terminating the Debtor's Exclusive Periods, the Debtor would be denied a fair opportunity to fully formulate and negotiate a confirmable plan of reorganization. Such a result would not advance the rehabilitative objectives of the chapter 11 process, but rather would thwart them. Denying the relief requested herein could critically impair the Debtor's ability to successfully reorganize with no appreciable benefit to the Debtor's estate or creditors.

28. The Debtor notes that this is its second request for an extension of the Exclusive Periods. Bankruptcy courts in the Third Circuit regularly grant the relief requested in this Motion. *See, e.g., In re LaGuardia Assocs., L.P.,* Case No. 11-19334(SR) (Bankr. E.D. Pa. 2011); *In re The Philadelphia Orchestra Assoc. and Academy of Music of Philadelphia, Inc.*, Case No. 11-13098 (ELF) (Bankr. E.D. Pa. Nov. 29, 2011); *In re Philadelphia Newspapers, LLC, et al.*, Case No. 09-11204 (SR) (Bankr. E.D. Pa. May 12, 2010); *In re Buffets Holdings, Inc.*, Case No. 08-10141 (MFW) (Bankr. D. Del. Oct. 14, 2008); *In re Am. Home Mortgage*

9

*Holdings, Inc*., Case No. 07-11047 (CSS) (Bankr. D. Del. March 26, 2008); *In re LaGuardia Associates, L.P.*, Case No. 04-34512 (SR) (Bankr. E.D. Pa. July 5, 2005).

29. The Debtor respectfully submits that, under all the relevant facts and circumstances, the requested extension of the Exclusive Periods will not prejudice the legitimate interests of any creditor and will afford the parties the opportunity to pursue to fruition the beneficial objectives of a confirmable plan of reorganization.

30. Based upon the foregoing, the Debtor submits that cause exists to further extend the Debtor's Exclusive Periods pursuant to section 1121(d) of the Bankruptcy Code. Specifically, the Debtor respectfully requests that the Exclusive Filing Period be extended through and including September 9, 2013, and that the Exclusive Solicitation Period be extended through and including November 6, 2013.

## **NOTICE**

31. The Debtor has provided notice of this Motion to: (a) the Office of the United States Trustee for the Eastern District of Pennsylvania; (b) counsel for the Official Committee of Unsecured Creditors; (c) counsel for the senior secured lender; and (d) those parties requesting service pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Debtor respectfully submits that no further notice is necessary.

WHEREFORE, the Debtor respectfully requests that the Court enter an order, in substantially the form attached hereto, (i) extending the Exclusive Filing Period through and including September 9, 2013, (ii) extending the Exclusive Solicitation Period through and including November 6, 2013 and (iii) granting such other and further relief as the Court deems just and proper.

| | |
|---|---|
| Dated: April 12, 2013 | **DILWORTH PAXSON LLP** |
| | By: /s/ Peter C. Hughes |
| | Lawrence G. McMichael |
| | Peter C. Hughes |
| | Catherine G. Pappas |
| | Dilworth Paxson LLP |
| | 1500 Market Street – Suite 3500E |
| | Philadelphia, PA  19102 |
| | Phone: (215) 575-7000 |
| | Facsimile: (215) 575-7200 |
| | |
| | *Counsel for the Debtor* |

10690564_2